## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**THE BIG GREEN EGG, INC.,**

    *Plaintiff,*

v.

**AIYIXIAO, *et al.,***

    *Defendants.*

Civil Action No.
1:20-CV-4757-TWT

## ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE PROCESS ON DEFENDANTS BY ELECTRONIC MEANS PURSUANT TO FED. R. CIV. P. 4(f)(3)

THIS CAUSE has come before the Court on Plaintiff's *Ex Parte* Motion for Authorization to Serve Process on Defendants by Electronic Means Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motion"). The Court, having considered the Motion and the arguments therein, finds as follows:

## I.       Applicable Legal Standards

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, corporations may be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual, except personal service. FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, provides that an individual outside the United States may be served:

1

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

>(C) unless prohibited by the foreign country's law, by:

>>[...] (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

A plaintiff is not required to serve a person or corporation outside of the United States pursuant to the provisions of the Hague Service Convention "where the address of the person to be served with the document is not known." Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, Art. 1, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163.

Rule 4(f)(3) permits alternative methods of service so long as those methods are not prohibited by international agreement and are approved by the Court.

*Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *Rio Props. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Additionally, any alternative method of service must comport with due process of law. Due process requires that persons whose property interests are at risk due to government action receive notice and an opportunity to be heard. *Thomas v. United States*, 681 Fed. Appx. 787, 790 (11th Cir. 2017). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*, (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## II.   Findings of Fact and Conclusions of Law

Defendants are individuals, corporations, or associates located outside the United States, most likely in China. Defendants are engaged in the business of selling counterfeit and/or infringing goods through various e-commerce platforms, including Alibaba, AliExpress, DHGate, Amazon, Ebay, and/or Wish ("Marketplaces"), including to customers in the United States. Each Defendant operates one or more virtual storefronts on one or more of these Marketplaces. Defendants do not provide accurate physical addresses for their virtual storefronts, nor are accurate physical addresses readily available by reviewing the data

3

provided by Defendants in their virtual storefronts. The primary means of communicating with Defendants is through e-mail.

Because Defendants' physical addresses are not known or readily ascertainable, Plaintiff is not required to serve Defendants pursuant to the Hague Service Convention. Additionally, consistent with the findings of numerous other courts, this Court find that service on Defendants by e-mail is reasonably calculated under the circumstances to apprise Defendants of the pendency of this action and to afford them an opportunity to appear and be heard. *In re Int'l Telemedia Associates, Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000); *Rio Props.,* 284 F.3d at 1017; *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp.2d 824, 826 (W.D.N.C. 2008); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004). Finally, China has not objected to service of process by electronic means such as email, electronic messaging service, or website publication.

Accordingly, Plaintiff's Motion is hereby **GRANTED**, and the Court **ORDERS** as follows:

Pursuant to Rule 4(f)(3), Plaintiffs are authorized to provide notice of the TRO to Defendants, the Marketplaces, Financial Institutions and other third parties and to serve the Summonses, Complaint, TRO, and all subsequent pleadings and

4

other documents on Defendants or their counsel in this action by electronic mail using email addresses provided by the Marketplaces, Financial Institutions, or Defendants themselves. Alternatively, Plaintiff may serve Defendants through the messaging platform provided by each Marketplace.

**SO ORDERED** this ___4___ day of _December_ , 2020.

**UNITED STATES DISTRICT JUDGE**

_Thomas W. Thrash_

5